Norris, J.
The defendant in error, Richter, filed his petition in the common pleas court of this county, against the Main Street Building and Loan Company of this city and others, alleging that he is a member of said company owning shares of its capital stock, and asserting facts which disclosed the insolvency of that institution, and averring such further condition and- asking for such relief, as warranted that court in placing the company in the hands of a receiver for the purpose of collecting its assets, paying its indebtedness, and to take such other steps as will enable that court to do that which shall seem necessary and proper to the interests of the members of the association and others concerned, with a view to ultimate dissolution of the corporation.
The court did appoint a receiver of this company, and the receiver, under the court’s instruction, is in process of winding up its affairs. When it comes to realizing the as *192 sets of the company and to the payment of its debs, the fact is present that a full discharge of its liabilities necessitates the assessment of its shareholders to a very large amount, determined by the receiver to be a sum equal to 70 cents for each dollar standing to the credit of every member of the company, whether a borrower or depositor.
In distributing the amount to be assessed upon the shareholders, the court, in adjusting the liability of those who had borrowed money from the company, and those who were depositors only, finds (and I quote Uom the finding): “that in pursuance of article 13 of the constitution of said corporation, said company made annual settlement with its borrowing members, crediting the principal of the loan with the amount of dues paid during the current year; and thereafter charging interest only upon the balance of the principal unpaid; and in distributing their dividends semi-annually, gave each borrowing member dividends, only upon dues paid in during the current year; and not al lowing dividends upon any money paid by way of dues, on account of principal prior to the current year in which the dividend was declared. And at the same time gave to depositing members dividends upon the entire amount paid in by them and standing to their credit upon the books of the corporation at the time of declaring the dividend.”
Upon what they are pleased to term the limitation of article 13 of the constitution of this company, certain borrowing members, in ascertaining the amount necessary to cancel their mortgages, assert that their liability in assessment can be extended no further than upon the amount which thus stands to their credit upon the books of the company. That their liability to contribute, is measured by their right to share in the profits of the concern, and that, hence, they can be assessed for losses no further than the amount standing to theii credit in the current *193 year which witnesses the assessment. That all else by them paid as dues, having gone to liquidate their debt to the company, is, under article 13, a tale that is told; leaving the burden of paying the losses and expenses upon the depositor who owes no debt to the company, and whose money the mortgagee has borrowed, and whose dues and accretions appear to his credit upon the corporation books.
The common pleas in determining the method of assessment coincides with this view, and so upon this basis fixe® the amount to be paid by each member, and orders the assessment to be thus made.
There is no complaint as to the finding of facts upon> which the conclusions that led to this assessment are based; but the plaintiff in error, the Main Street Loan and Building Company,prosecutes error to this judgment of the common pleas, and assigns as its ground of error, that the findings of fact do not warrant the conclusions of law, nor the judgment rendered by the court.
A corporation of this character has such power conferred by law as will enable.it to carry out the purposes of its= organization, and its members may adopt a constitution,and its directors may enact by-laws for the proper exercise of the powers granted to it, and to properly conduct and manage its affairs. The essential purpose of this kind of a corporation is to raise money to be loaned among its members. As with all others who incur liability, its chiefest duty is to pay its debts. A member of an organization of this kind does not cease to be a member when he takes a loan from the association, and is not excused from liability by becoming a borrower. Though a borrower, he is still a shareholder. He has such voice in directing the policy of its management as his holdings give a member, He may vote for its directors, he may offer and vote upon amendments to its constitution, and may exercise all the privileges which a non-borrower, whose dues are fully paid, *194 may exercise. He is a part owner of the reserve fund, if the institution has a reserve fund. And this he does under article 13, though he has not a cent in the concern, though his stock is made worthless from the fact that all his dues are absorbed by his loan, and he stands in relation to the other members, only as one who has their money in his pocket; yet his stock is uncancelled, and he is still a member. To be sure he has agreed to pay back the loan, which is the usual condition between debtors and creditors. One of the things the shareholder agrees to do is to help to pay the debts of the company ' arising while he is a member of the company. When he becomes a borrower, his only further agreement is to pay his own debt in the manner determined by the rules of the association. It is true that a borrower, or a non-borrower, may make any reasonable compromise as to hie liability, either as a borrower or as a subscriber to the stock of the corporation; but this right, as declared by the courts in 35 Ohio St. 258, and 47 Ohio St. 250,and elsewhere, does not contemplate that he may avail himself of that which would be a fraud upon his co-members, and surely the opportunity which this article 13 offers to the borrower, as construed by the court, to escape all liability for debts of the company incurred during his membership, would be, and is not only a gross inequality, but a downright fraud on the other shareholders; and for this reason is in the face of the law which creates the corporation, and the purposes for which the company is organized.
Under article 13 of the constitution of this corporation the company makes settlement with its borrowing members, crediting the loan with the dues of the current year and the dividend upon the dues of the current year. In other words, the dues of the current year paid by borrowers, and the dividends thereon, were divided each year among and paid to the borrowers as their respective credits appeared to warrant.
*195 Section 3836-6 of the Revised Statutes,' determines what part of the assets of the company may be divided and paid out to the stockholders. Only the residue of earnings over and above that part reserved for payment of contingent losses may be thus paid. Nowhere in the act regulating institutions of this character, is it contemplated that the dues paid on stock are to be divided among the members, as provided in article 13 of the constitution of this company. So that we conclude that article 13, as it thus provides, is inimical to the law of this state governing building and loan associations of the nature of this company; and hence, that its provisions cut no figure when it comes to assessing stockholders for the payment of the debts of the corporation. Assessment on the stock of a member to pay debts, should be in proportion to the value of his interest in the property of the corporation; the dividend-bearing assets of the concern. Dividends themselves are not such property. Dividends, when declared to the members respectively, are to be by each received, either in cash, or turned into the company to be credited upon the stock, or if a borrower, upon his loan; so that, whatever may be done with his dividends by a member, dividends would not appear to enter into the basis of an assessment; for when once declared,they are not, in character, an interest in the corporation property until credited upon the stock and thus becoming a part of the profit-bearing assets of the corporation. So that in this corporation, the only proper basis of assessment would seem to be, the amount which should be credited to stock — the amount of dues standing to the credit of each member, or which should stand to his credit when paid; that is to say, the dues which he has paid or owes to the corporation, together with the earnings credited to his stock. And this, so far as it concerns dues, applies as well to the borrowei who has-participated in the profits of the concern and received *196 his dividends, either in the ordinary way, or by being excused each year from paying interest on a part of his loan equal in amount to all of his dues, as to the non-borrower, the lender, who receives dividends on all of his dues, each year; of course, the earnings of the non-borrower’s stock being credited upon his loan, is not the subject of assessment.
M. F. Galvin, and J. B. Bower, for Plaintiff.
Wilson & Herrlinger, for Defendant.
We consider, therefore, that the proper basis of assessment, both in the case of borrower and non-borrower, is dues and earnings which should stand to the credit of his stock, and find that the court was in error in fixing the assessment upon a different basis; and for this reason the case is reversed at the costs of the defendant in error, and the judgment and order of the common pleas is set aside. And this court rendering' the judgment which the trial court should have rendered, finds for the plaintiff in error, and orders the receiver to make an assessment of 70 per cent upon the basis here determined.